IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMBER DANIELS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-888-G-BK |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b)(1)(B)&(C), this case was referred to the undersigned United States magistrate judge for pretrial management. The Court now considers Defendant Carrington Mortgage Services, LLC's *Motion to Dismiss*. Doc. 4. As detailed here, the motion should be **GRANTED.**

**I. BACKGROUND**

Plaintiff filed this action in state court, seeking to avoid an impending foreclosure sale on her home. She asserts that Defendant violated federal regulations, including the Real Estate Settlement Procedures Act[1] ("RESPA"), by not notifying her within 30 days of receipt of her loan modification application if that option was available to her and, if the request was denied, the specific reasons therefore. Doc. 1-2 at 5. Plaintiff also asserts a breach of contract claim based on the Deed of Trust between the parties and requests injunctive relief. Doc. 1-2 at 5-7.

Defendant removed the action to this Court, Doc. 1, and filed the instant *Motion to Dismiss*. Doc. 4. Plaintiff requested additional time to respond to Defendant's motion. Doc. 7

---

[1]RESPA is codified at 12 U.S.C. § 2601 *et seq.*

at 1. The Court granted Plaintiff's request and extended the deadline for responding to May 20, 2019. Doc. 8. However, more than four months past the extended deadline, Plaintiff has yet to file a response.

## II.  APPLICABLE LAW

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation and internal quotation marks omitted). The court may also consider documents attached to the complaint. *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

## III.  ANALYSIS
### A.  Authority to Foreclose

Plaintiff's petition alleges that Defendant lacks authority to foreclose because Defendant violated 12 C.F.R. § 1024.41(b)(2)(B)&(c)(1)(ii) (the loss mitigation procedures under RESPA) by failing to timely complete her loan modification review and notify her of the decision before initiating foreclosure proceedings. Doc. 1-2 at 3-4. Defendant asserts that dismissal is warranted because a loan servicer is only required to comply with section 1024.41 for a single complete loss mitigation application, and Plaintiff has not pled that the application at issue was her first. Doc. 5 at 1. In fact, Defendant contends that Plaintiff entered a previous loan modification with

2

Defendant on November 24, 2015, and that Plaintiff's February 13, 2019 loan modification is therefore her second loan modification application. Doc. 5 at 1.

As Defendant correctly notes, Plaintiff does not allege any facts that enable the court to draw the reasonable inference that the loan modification application she submitted to Defendant was her first complete loss mitigation application. Nor does she adequately plead that she became current on her payments after Defendant considered any previous complete loss mitigation application. Plaintiff must allege facts that plausibly plead a claim under one of these alternatives in order to state a claim for a violation of § 1024.41. *See Solis v. U.S. Bank, N.A.*, 726 Fed. Appx. 221, 223 (5th Cir. 2018) (per curiam) ("The district court did not err when it held that the [plaintiffs] failed to allege that this application was their first complete loss mitigation application . . . . Thus, [plaintiffs] again failed to plead the prerequisites of a plausible claim."); *see also Ruiz v. PennyMac Loan Servs., LLC*, No. 3:18-CV-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018) (Fitzwater, J); *Jones v. Select Portfolio Servicing, Inc.*, 2016 WL 6581279, at *7 (N.D. Tex. Oct. 12, 2016) (Horan, J.), *rec. adopted*, 2016 WL 6566538, at *1 (N.D. Tex. Nov. 3, 2016) (Kinkeade, J.).

**B.     Breach of Contract**

Plaintiff also asserts a breach of contract claim against Defendant based on the Deed of Trust between the parties. Doc. 1-2 at 6. Plaintiff alleges:

> The Deed of Trust gives Plaintiff an opportunity to reinstate the loan, however, by not giving Plaintiff proper notification, Defendant took this right away from Plaintiff. This is breach of the Deed of Trust contract by Defendant.

Doc. 1-2 at 6. However, Plaintiff's claim fails as a matter of law because she has failed to identify the provisions in the Deed of Trust that Defendant allegedly breached. *See Brown v. U.S. Bank Nat. Ass'n*, No. 3:14-CV-89-L, 2014 WL 3764887, at *9 (N.D. Tex. July 31, 2014)

(Lindsay, J.) (granting motion to dismiss and dismissing plaintiff's breach of contract claim in foreclosure case, in part, because "Plaintiffs' pleadings do not identify which provision or provisions of the Deed of Trust that Defendant allegedly breached."). Accordingly, Plaintiff has not alleged sufficient facts to support a claim for breach of contract upon which relief can be granted.

### C.      Waiver

Plaintiff's argument that Defendant waived its right to foreclose is legally flawed. Doc. 1-2 at 6. Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). An intent to relinquish the right must be unequivocally manifested. *G.H. Bass & Co. v. Dalsan Props.-Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994). Plaintiff has not and cannot establish that Defendant intended to relinquish its right to foreclose. Indeed, Plaintiff affirms that Defendant asserted its intent to maintain its right to foreclose on the Property. *Id.*; *see* Doc. 1-2 at 4. Furthermore, the Deed of Trust in this case expressly states that any extensions of time for payment and forbearance by Defendant in exercising any right or remedy "shall not be a waiver of or preclude the exercise of any right or remedy." Doc. 6 at 31.

### D.      Injunctive Relief

Plaintiff's request for injunctive relief, Doc. 1-2 at 7, should be denied because Defendant correctly argues that Plaintiff has failed to assert an underlying cause of action upon which injunctive relief can be based. Doc. 5 at 7. Injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses each of a plaintiff's underlying substantive law claims. *Puente v. CitiMortgage, Inc*., No. 11-CV-2509, 2012 WL 4335997 at *7, (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v.*

*Direct Fin. Solutions*, LLC, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, J.)).

**E.    Leave to Amend**

Ordinarily, Plaintiff should be granted leave to amend her complaint prior to dismissal. *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend [her] complaint before it is dismissed."). However, Plaintiff neither sought leave to amend her initial pleading, nor responded to Defendants' dismissal motion, even after requesting additional time to respond. *See* Doc. 7 at 1. The Court thus finds that Plaintiff is unwilling or unable to amend her complaint in a manner that will avoid dismissal and, as such, dismissal with prejudice is appropriate. *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir.1995) (affirming dismissal with prejudice after *pro se* plaintiff failed to respond to defendant's motion to dismiss despite being invited to do so); *Stretcher v. Bank of Am., N.A.,* No. 13–CV–2932–L, 2013 WL 6017460 at *4 n.1 (N.D Tex. 2013) (Lindsay, J.) (denying leave to amend and dismissing case with prejudice after concluding that plaintiffs had pled their best case where they did not respond to dismissal motion or request leave to amend complaint).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*, Doc. 4, should be **GRANTED** and all of Plaintiff's claims **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on November 6, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).